IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>PM Management-Killeen I NC LLC,<br>*et al.,*<br><br>　　　Debtors. | Case No. 24-30240 (sgj)<br>(JOINTLY ADMINISTERED)<br><br>CHAPTER 11 (SUBCHAPTER V) |
| RUSSELL F. NELMS, the Liquidating Trustee of the PM Management Liquidation Trust,<br><br>　　　Plaintiff,<br><br>v.<br><br>ABRI HEALTH SERVICES, LLC; PM MANAGEMENT – FREDERICKSBURG NC, LLC; SCC EDINBURG LLC; WINDCREST SCC LLC; SENIOR REHAB SOLUTIONS LLC; ABRAHAM FRANKL; TINA HECHT; SENIOR CARE CENTER MANAGEMENT LLC;YEHUDAH  ARYEH ZUTLER; EPHRAIM DIAMOND; and BARRY DERSHOWITZ.<br><br>　　　Defendants. | ADV. PROC. NO. 25-03049-sgj |

## MOTION TO DISMISS OF DEFENDANT ZUTLER
**(Objections/Responses Due: September 26, 2025)**

Defendant Yehudah Aryeh Zutler ("Zutler") moves to dismiss the claims asserted against him in the Trustee's First Amended Adversary Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. Because the Trustee has failed to state a claim upon which relief can be granted, Mr. Zutler respectfully moves for the claims asserted against him to be dismissed with prejudice.

The reasons for dismissal are set forth herein. To the extent applicable, Mr. Zutler also adopts and incorporates by reference, as if fully stated herein, the Motions to Dismiss and supporting Memoranda filed by Defendants Frankl and Abri.[1]

I. **INTRODUCTION**

The two claims asserted by the Trustee against Zutler (for negligence or gross negligence, and for breach of fiduciary duty) should be dismissed with prejudice for one simple reason. Those claims are predicated on the notion that Zutler owed duties to the Debtors by virtue of his supposed "officer" position with the Debtors. But as the allegations of the Amended Complaint make clear, Zutler was never an officer of the Debtors. He did not even work for the Debtors at all. Hence, Zutler owed the Debtors no duty that could underpin the claims asserted against him.

The most decisive blow to the Trustee's case against Zutler is already conceded: "Prior to their bankruptcies, the Debtors were operated and controlled by their 100% owner/operator, Abri, through *Abri's employees and duly appointed officers*, some of whom were also officers of one or more of the Debtors." (Am. Compl. ¶ 130.) (emphasis added). Yet the Trustee specifically acknowledges that Zutler was not actually an officer of Abri *or* the Debtors; rather, "Zutler was retained by Sutherland Care Solutions, a [non-Debtor] company owned by [defendant] Frankl." (Am. Compl. ¶ 137.) These admissions are dispositive and recognize that the people with *actual* ownership, *actual* titles, and *actual* authority at the Debtors are the fiduciaries in this case. Zutler is not among them.

---

[1] Zutler expressly adopts and incorporates by reference all arguments, authorities, and grounds for dismissal set forth in the motions to dismiss filed by Defendants Frankl and Abri. To the extent those arguments apply to the claims asserted against Zutler, he seeks to benefit fully from them and incorporates all such relevant arguments in support of this Motion.

- 2 -

Generally, the Trustee alleges that beginning in December 2022, certain key decisionmakers of Abri and the Debtors deliberately caused the Debtors to stop paying rent to their landlord, in an effort to pressure a distressed sale of the facilities operated by Debtor to certain strategic preferred buyers. (*Id*. at ¶¶ 5-6, 56-59, 122-124.) The plan allegedly backfired: the landlord initiated a receivership, which ultimately led to the Debtors' bankruptcy. (*Id*. at ¶¶ 7, 69-70, 127.) The Trustee further presents (conflicting) claims that instead of using Debtors' HUD Concentration Account (HUD 7640) to satisfy lease obligations or pay creditors, the funds were either (1) lost or (2) mischaracterized and redirected to benefit non-Debtor affiliates. (*Id*. at ¶¶ 20-22, 63-64, 72-79, 126.) The Trustee contends that these actions caused financial harm to the Debtors.

Across the entire 37-page Amended Complaint, Zutler's name appears only in eleven paragraphs, and even those references are strikingly insubstantial, without any detail of his supposed role in the alleged misconduct. (Am. Compl. ¶¶ 5, 21, 50-53, 63, 137, 155–157.) Overall, Zutler is named in two Counts of the Amended Complaint. The first is for breach of fiduciary duty. But the Amended Complaint does not allege that Zutler was a shareholder, officer, or director of the Debtors or of Abri.[2] Instead, the Amended Complaint alleges only that Zutler "functioned as an officer" and "acted on behalf of Abri in a supervisory role." (*Id*. at ¶¶ 51, 137, 155.) These characterizations are devoid of legal substance. They are not anchored to any formal role, legal relationship, or factual basis that could give rise to a duty owed by Zutler to the Debtors. They do not even put Zutler on notice of which Debtor entities he is alleged to have "functioned" as an officer for, stating only that he did so for Abri and "one or more" of the Debtors (*Id*. at ¶ 21.)

---

[2] It is undisputed that Abri and the Debtors are limited liability companies, not corporations. Accordingly, the terms "member" and "manager" are more accurate than "director" or "officer." However, for consistency and ease of reference, this brief adopts the Trustee's terminology.

To bridge that chasm, the Trustee attempts to conjure a tie between Zutler and the Debtors by pointing to its allegation that Zutler was "retained" by a third-party entity called Sutherland Care Solutions LLC ("Sutherland"). (*Id.* at ¶ 137.) But this allegation only deepens the disconnect. Zutler is not alleged to have a fiduciary role at Sutherland, and even if he did, Sutherland is not an owner of Abri or the Debtors either. And the Trustee's narrative becomes even more muddled when it shifts focus to Mr. Abraham Frankl, the alleged owner of Sutherland. (*Id.*) Frankl is not an alleged shareholder, officer, or director of Abri or the Debtors. Yet, the Amended Complaint asserts (without explanation) that Frankl somehow controlled "all management functions of the Debtors." (*Id.* at ¶¶ 50, 151.) How this control was exercised by a non-shareholder, non-officer, non-director over duly appointed officers and directors is entirely unexplained. Though the Trustee alleges that Frankl sought to personally benefit from certain alleged misconduct, Zutler is not alleged to have done so.

From these unsupported premises, the Trustee attempts to implicate Zutler by alleging that Zutler was "Frankl's man on the ground, acting on his behalf and enforcing his instructions" and that "everyone at Abri was reporting to Zutler as if he were the true CEO or board of directors." (*Id.* at ¶¶ 137, 155.) But if one accepts the Trustee's unsupported leap that Frankl somehow exerted total control over the actual fiduciaries named in this case (Directors Ephraim Diamond and Barry Dershowitz, and CEO Tina Hecht), it is then entirely unclear how Zutler controlled those individuals when they were allegedly *already* at Frankl's direction at all relevant times by the Trustee's own account. The theory is logically self-defeating.

Regardless, the Trustee's claims that Zutler owed a fiduciary duty to the Debtors fail on the basis of the factual allegations contained in the Amended Complaint. As the Amended Complaint correctly alleges, Zutler was a *consultant* to *Sutherland*, not an *officer* of *the Debtors*.

- 4 -

As such, Zutler had no fiduciary duty to the Debtors. Unable to allege a plausible basis for a fiduciary duty, the Trustee resorts to a rhetorical slight of hand by simply dubbing Zutler a "shadow officer." (*Id*. at ¶ 51.) But this conclusory label is not drawn from any statute, precedent, or recognized legal doctrine. It is a construct of the Trustee's own invention, untethered from Texas jurisprudence and unsupported by the facts alleged.

The Trustee's fallback—that Zutler "knowingly participated" in alleged breaches of fiduciary duty by others—is simply a repackaged aiding and abetting claim. (*Id*. at ¶¶ 157–158). But the Texas Supreme Court has declined to recognize a cause of action for aiding and abetting a breach of fiduciary duty, and the Federal Courts are without power to manufacture one.

The Trustee's second claim against Zutler for negligence (or gross negligence) is equally fatally flawed. The Amended Complaint attributes every alleged act of mismanagement to the Debtors' duly appointed CEO while simultaneously failing to allege any viable basis upon which Zutler had any duty to the Debtors, let alone any factual assertion that Zutler had any actual legal authority regarding any of the decisions at issue. Texas law does not impose liability for failing to prevent harm one had no duty or power to control. And the Trustee's attempt to bootstrap negligence liability onto Zutler through vague allegations of proximity and passive awareness is legally insufficient. Indeed, even affirmative actions by Zutler (of which the allegations of the Amended Complaint are bereft) would be insufficient to support a claim for negligence in the absence of a legal basis to find that Zutler had any duty to the Debtors in the first place, which he did not.

The Court should see through this attempt to manufacture liability where none exists and dismiss the claims against Mr. Zutler with prejudice.

II.     LAW

Federal Rule of Civil Procedure 12(b)(6) affords defendants relief from a plaintiff's defective complaint. Federal Rule of Bankruptcy Procedure 7012(b) applies Rule 12(b) to adversary proceedings. *See also, Dunn v. HPS Inv. Partners, LLC (In re Alta Mesa Res., Inc.)*, Nos. 19-35133, 21-3909, 2023 Bankr. LEXIS 570, at *10 (Bankr. S.D. Tex. Mar. 3, 2023). In general, a complaint that offers bare legal conclusions, unsupported by well-pleaded factual allegations tending to establish a plausible basis for relief, must be dismissed. *Ashcroft v. Iqbal,* 556 US 662, at 679-80 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 551, 555, 565-67, 570). "Dismissal is proper when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief [] or if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (internal marks and citations omitted), citing *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

Further, to the extent that the allegations against Zutler are premised on fraud, the pleading is subject to a heightened standard of Federal Rule of Civil Procedure 9(b). "What constitutes particularity will necessarily differ with the facts of each case." *Shahram Afshani, Plaintiff—Appellant v. Spirit Spe Portfolio 2006-1, L.L.C.*, No. 21-10137, 2022 U.S. App. LEXIS 8432, at *7 (5th Cir. Mar. 30, 2022). At minimum however, the complaint must state the "who, what, when, and where" of the allegedly fraudulent conduct. *Id.*, citing *Williams v. WMX Techs., Inc*., 112 F.3d 175, 178 (5th Cir. 1997); *Dodson v. ExamWorks LLC*, No. 1:23-CV-00401-JRN, 2024 U.S. Dist. LEXIS 21203, at *15 (W.D. Tex. Feb. 7, 2024) (dismissing breach of fiduciary duty claim premised on fraud for failure to plead with particularity.)

### III. ARGUMENT

#### A. The Trustee's "Shadow Officer" Theory Is Unsupported in Texas Jurisprudence.

The Trustee's Amended Complaint attempts to impose fiduciary liability on Mr. Zutler by inventing a novel legal category: "shadow officer." This term has no basis in Texas law, federal law, or any recognized fiduciary framework in the United States. While the concept of a "shadow director" exists in certain *foreign* jurisdictions, it is not a concept in American jurisprudence, particular Texas law (which governs any claims regarding duties owed to the Debtors since they are all Texas entities). *See, e.g., In re Nortel Networks, Inc.*, 469 B.R. 478, 500 (Bankr. D. Del. 2012); *Davis v. Port*, 2020 NY Slip Op 32546(U), ¶ 24 (Sup. Ct.) ("The concept of a 'shadow director' is a creature of UK statute."); *In re Ionica Plc*, 241 B.R. 829, 839 (Bankr. S.D.N.Y. 1999).

The claim is so unfounded and vaguely pled that it is difficult to discern what legal theory the Trustee is actually asserting. Mr. Zutler should not be forced to guess. But even if one were to try to reverse-engineer the theory, the closest US-analog might be a "de facto" officer. Yet that concept, too, is inapplicable. A de facto *director* is someone who exercises the powers of a director under claim and color of lawful authority, typically someone who purports to hold the position, or whose election to such position was legally defective yet they wield that authority oblivious to the defect in their election. See *Prickett v. Am. Steel & Pump Corp.*, 253 A.2d 86, 88 (Del. Ch. 1969). Even if such a parallel concept existed for officers, the Trustee does not allege that Mr. Zutler ever claimed to be an officer, held himself out as one, or exercised authority under color of election or appointment to such position.[3] There is no Texas law recognizing de facto officers as fiduciaries in the absence of such conduct.

---

[3] Indeed, it is undisputed that "[a]t times relevant to [the Amended Complaint], [Tina] Hecht was the CEO of the Debtors and Abri." (Am. Compl. ¶ 20.)

But even if Zutler could have a fiduciary duty under the circumstances alleged (he did not), the Trustee does not claim that Zutler *breached* that duty. Instead, the Trustee alleges that "Zutler knowingly participated in the breaches of fiduciary duty of Abri, Diamond and Dershowitz, by instructing them or otherwise conspiring and jointly coordinating with them to cause the rents to be withheld and for the moneys to be improperly redirected away from Debtors and their creditors." (*Id.* at ¶ 157.) Though conspicuously avoiding the terminology, this is an aiding and abetting theory of liability.

Critically, the Texas Supreme Court has <u>never</u> recognized aiding and abetting breach of fiduciary duty as a viable cause of action, even though it has been asked to repeatedly. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (citing *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996)) (The Texas Supreme Court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting."). A Federal Bankruptcy Court cannot be the first to fashion a novel claim under Texas state law. *Midwestern Cattle Mktg., L.L.C. v. Legend Bank*, N.A., 2019 WL 6834031, at *7 (5th Cir. Dec. 13, 2019) (affirming dismissal of aiding and abetting claim: "we cannot recognize a claim that the Texas Supreme Court has yet to expressly adopt."); *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 781-82 (5th Cir. 2018) (district court "exceeded its circumscribed institutional role" by recognizing a cause of action for aiding and abetting under Texas law because the "Texas Supreme Court 'has not expressly decided whether Texas recognizes a cause of action for aiding and abetting.'"). The Trustee appears to have sidestepped the phrase "aiding and abetting" precisely for this reason. The Court should reject this attempt to circumvent settled authority under the guise of new terminology.

And, even if the Trustee's claim for aiding and abetting were permitted under Texas law (and it is not), it is still insufficiently pled and should be dismissed on that basis alone. The Trustee's allegations against Zutler do not expressly assert an aiding and abetting theory. Again, they allege only that "Zutler knowingly participated in the breaches of fiduciary duty" of others. (*Id*. at ¶ 157.) As the Texas Supreme Court has instructed (while expressly declining to decide that an aiding and abetting claim is valid under Texas law), "[c]laiming that [a defendant] 'knowingly' participated in [another's] breach of fiduciary duty does not give [the defendant] information sufficient to understand that the [plaintiff] was asserting a claim for aiding and abetting." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017). The Trustee's allegations here suffer from the same defect: they are vague, conclusory, and fail to provide the specificity required to state a claim, especially under a theory that Texas law does not recognize in any event.

### B. Zutler Owed No Fiduciary Duty to the Debtors.

To the extent that the Trustee attempts to plead a claim against Zutler for a direct breach of fiduciary duty, the claim is still fatally flawed. Generally, the elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach of the duty; (3) causation; and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).

On the first element, there must be a viable fiduciary relationship alleged between the plaintiff and the defendant. *BioTE Med., LLC v. Medcalf*, No. 05-20-00661-CV, 2022 Tex. App. LEXIS 9604, at *22-23 (Tex. App. Dec. 30, 2022), citing *PlainsCapital Bank v. Reaves*, No. 05-17-001184-CV, 2018 Tex. App. LEXIS 10387, 2018 WL 6599020, at *2 (Tex. App.—Dallas Dec. 17, 2018, pet. denied) (mem. op.); *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006,

pet. denied). Two types of relationships give rise to fiduciary duties: formal and informal. *Id.*, citing *Meyer v. Cathey*, 167 S.W.3d 327, 330-31 (Tex. 2005) (per curiam). Fiduciary duties are owed as a matter of law in formal relationships, which include relationships between partners, principals and agents, and attorneys and clients. *Id.* An informal fiduciary duty may arise from a moral, social, domestic, or purely personal relationship of trust and confidence. *Id.*, citing *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998). A fiduciary duty will not be created lightly. *Areda v. S-W Transp., Inc.*, 365 S.W.3d 838, 841 (Tex. App.—Dallas 2012, no pet.).

The Amended Complaint summarily asserts that Zutler "functioned as an officer of Abri and one or more of the Debtors" but fails to identify which entities, what role, or under what legal authority Zutler acted. (Am. Compl. ¶ 21.) This insufficient pleading alone is a basis for dismissal. Further, the Trustee puts forth zero evidence of a fiduciary relationship. Abri and the Debtors, all limited liability companies governed by contract, certainly could have created a fiduciary relationship with Zutler, but they did not. *See* Tex. Bus. Orgs. Code Ann. § 101.401. Courts will not manufacture fiduciary duties in retrospect were the parties "could have expressly done so" themselves and did not. *BioTE Med., LLC v. Medcalf*, No. 05-20-00661-CV, 2022 Tex. App. LEXIS 9604, at *24-25 (Tex. App. Dec. 30, 2022.)

The Complaint further fails to allege that Zutler occupied any independent discretion or control over Abri or the Debtors, much less a position of trust or confidence. Instead, it describes Zutler as a conduit who "acted on Frankl's behalf," "enforced his instructions" and received "reporting" from unspecified masses at Abri. (Am. Compl. ¶ 137, 155.) This is flashy language for a mundane reality: Zutler allegedly received information, passed it up to the man he worked

for, and then relayed the response of his boss back down again. This is the description of a messenger, not a fiduciary.

Further, the Amended Complaint concedes that the relevant alleged breaches of fiduciary duty in this case (primarily arising from the decision not to pay rent and any alternative uses of those funds) were made and approved by the *actual* officers and directors of Abri and the Debtors. There is no allegation that Zutler had the authority to override those decisions (How could he when he was neither a legally appointed director or officer, nor a shareholder?), nor that he engaged in fraud or self-dealing. At most, the Trustee seeks to impose liability for being adjacent to decisions Zutler neither made nor controlled.[4] Fiduciary duties are not contagious, and Texas law does not recognize derivative fiduciary duties based on proximity alone.

## C. The Trustee Fails to Allege Any Actionable Duty or Breach by Zutler.

The Trustee's negligence theory fares no better. It rests on a confused and contradictory narrative that fails to establish any legally actionable duty owed by Zutler, much less a breach of that duty. The Trustee alleges that Tina Hecht, "served as the CEO of Debtors" during the relevant time period, and that the Debtors were operated and controlled by Abri "through Abri's employees and *duly appointed officers*." (Am. Compl. ¶¶ 130, 132 (emphasis added).) The Trustee attempts to bootstrap liability to Zutler by summarily claiming that, by Hecht's account, others at Abri "reported" to Zutler. (*Id.* at ¶ 137.) Even if true, this allegation is irrelevant. The Trustee attributes every alleged negligent act or omission of management to *Hecht*, not Zutler. (*Id.* at ¶¶ 132-136.)

---

[4] Even if the Trustee could somehow plead a fiduciary duty owed by Zutler to the Debtors, the Trustee's allegations cannot overcome the protections of the business judgment rule, which protects corporate officers and directors from liability for "alleged breach of duties based on negligent, unwise, or imprudent acts if those acts were within the exercise of their discretion and judgment." *Sneed v. Webre*, 465 S.W.3d 169, 178 (Tex. 2015).

The Amended Complaint's halfhearted attempts to implicate Zutler in these alleged breaches are both strained and unsupported. For example, the Trustee laments that Zutler "may have 'lost sight'" of Debtors' HUD Concentration Account, HUD 7640, but simultaneously acknowledges that Abri's comptroller, Michael Joseph ("Joseph"), was the person actually responsible for those accounts. (*Id*. at ¶ 63.)[5] Indeed, Joseph is *the only person* who is alleged to have been able to access these accounts. (*Id*.) While the "officers and directors" are alleged to have been able to request such information from Joseph, Zutler is not an officer or director. (*Id*. at ¶ 64.) And while the Trustee claims that the exercise of "reasonable diligence" would have caused Hecht, the duly appointed CEO, to locate the missing funds, there is no allegation that <u>Zutler</u> had any ability at all (much less any <u>*duty*</u>) to manage or even access the finances of any entity in this case. (*Id*. at ¶ 133.) Indeed, the Amended Complaint contains no allegation from which one could conclude that Zutler even <u>*knew*</u> of these accounts' *existence*. Further, although the Amended Complaint points fingers at Zutler for having a general awareness of Frankl's wishes and Hecht's actions, it was *Hect* and not Zutler who is alleged to have actually "implemented" the decision to not pay the rent to the Debtors' landlord, and "authorized and directed" the Debtors' alternative uses of the funds. (*Id*. at ¶ 135.)

The Trustee cannot have it both ways. If the alleged misconduct of management was carried out by Hecht, the duly appointed CEO, it is unclear what duty Zutler had to stop her as a non-employee and non-officer, who is not alleged to have possessed any legal authority to control Hecht or the board. It is black letter law that "[t]here is no negligence where there is no duty. There is no gross negligence where there is no negligence. Further, losing lots of money is not the

---

[5] The Amended Complaint contains two separate paragraphs numbered as 63. It is the second of those that contain the relevant allegation referred to above.

'extreme degree of risk' required for a gross negligence finding." *Fabricating Specialties v. Ab*, 2018 Tex. Dist. LEXIS 54547, *3. In short, Texas law does not impose liability on individuals for failing "to perform duties [they] had no duties to perform." *Id*.

## IV.     CONCLUSION

The barebones allegations against Mr. Zutler rest on a legally unsupported effort to reframe a claim for aiding and abetting others' alleged breaches of fiduciary duty (which this Court cannot recognize) or to otherwise distort basic principles of negligence by imposing a duty on a person who never undertook one. The Court should dismiss all claims against Mr. Zutler with prejudice.

Dated: September 5, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By:  */s/ Adam L. Fletcher*
Adam L. Fletcher (Ohio Bar No. 0085201, *pro hac vice* admission pending)
127 Public Square #2000,
Cleveland, OH 44114
Telephone: 216.861.7517

Elizabeth A. Green (Florida Bar No. 600547)
200 South Orange Avenue
Suite 2300
Orlando, FL 32801
Telephone: 407.649.4036

Tamara Baggett (Texas Bar No. 24058573)
2850 N Harwood St Ste 1100
Dallas, TX 75201
Telephone: 214.210.1208

*Attorneys for Defendant Yehudah Aryeh Zutler*

- 14 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 5, 2025, a true and correct copy of the foregoing document was served on counsel for all parties in accordance with the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.

                                                   */s/ Adam L. Fletcher*
                                                   Adam L. Fletcher