IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>PM Management-Killeen I NC LLC,<br>*et al.,*<br><br>Debtors. | Case No. 24-30240 (sgj)<br>(JOINTLY ADMINISTERED)<br><br>CHAPTER 11 (SUBCHAPTER V) |
| RUSSELL F. NELMS, the Liquidating Trustee of the PM Management Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>ABRI HEALTH SERVICES, LLC; PM MANAGEMENT – FREDERICKSBURG NC, LLC; SCC EDINBURG LLC; WINDCREST SCC LLC; SENIOR REHAB SOLUTIONS LLC; ABRAHAM FRANKL; TINA HECHT; SENIOR CARE CENTER MANAGEMENT LLC; YEHUDAH ARYEH ZUTLER; EPHRAIM DIAMOND; and BARRY DERSHOWITZ.<br><br>Defendants. | ADV. PROC. NO. 25-03049-sgj |

## REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT ZUTLER

BAKER & HOSTETLER LLP

*/s/ Adam Fletcher*
Adam L. Fletcher (Ohio Bar No. 0085201, *pro hac vice* admission pending)
Telephone: 216.861.7517

Elizabeth A. Green (Florida Bar No. 600547)
Telephone: 407.649.4036

Tamara Baggett (Texas Bar No. 24058573)
2850 N Harwood St Ste 1100
Dallas, TX 75201
Telephone: 214.210.1208

*Attorneys for Defendant Yehudah Aryeh Zutler*

The Trustee's amended complaint ("Complaint") spins a tale of fiduciary breaches and insider schemes, but defendant Zutler is not its author nor star. Per the Trustee's own allegations, Zutler was a bit player that arrived in the last act to read a few lines from a script written by defendant Frankl. For purposes of Zutler's motion to dismiss, the Trustee is bound by the story he already told and cannot rewrite it in the Response to give Zutler top billing just because the Trustee now realizes that his originally alleged facts defeat his attempt to pin responsibility on Zutler.

## I.    The Trustee Fails to Plead Facts Showing Causation

The Trustee asserts that Zutler is jointly and severally liable for *all* damages based on his alleged "knowing participation" in others' breaches of fiduciary duties or his negligence. (Dkt. 59 at 7-8). But this Court recently held that Texas's proportionate responsibility statute abrogates common law joint and several liability for knowing participation in fiduciary breaches. *See Yaquinto v. Krage & Janvey, L.L.P. (In re Tex. E&P Operating, Inc.)*, Nos. 17-34386-sgj7, 19-03231-sgj, 2024 Bankr. LEXIS 1674, at *59 (Bankr. N.D. Tex. July 19, 2024). A participant is liable only for the harm attributable to their own conduct. *Id*. *88; Texas Civ. Prac. & Rem. Code § 33.003 (trier of fact must determine the percentage of responsibility "with respect to each person's *causing or contributing to cause* in any way the harm" (emphasis added); *Neurodiagnostic Consultants, Ltd. Liab. Co. v. Nallia*, No. 03-18-00609-CV, 2019 Tex. App. LEXIS 8156, at *27 (Tex. App.—Austin Sep. 6, 2019, no pet.), citing *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (plaintiff must show breach of fiduciary duty "proximately caused damages."). The same rule applies to claims for ordinary or gross negligence. *Jelinek v. Casas,* 328 S.W.3d 526, 532 (Tex. 2010); *Nowzaradan v. Ryans*, 347 S.W.3d 734, 741 (Tex. App. 2011).

Here, the Trustee fails to allege that *Zutler's* actions caused any harm. Cause in fact requires that the defendant's conduct be a substantial factor in bringing about the harm, and that the harm would not have occurred without it. See *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004); RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965). The Trustee does not allege that Zutler's actions were a necessary condition for any of the harm alleged; to the contrary, that is fundamentally inconsistent with the allegations.

The Complaint alleges that *Frankl* devised the "pay-no-rent" strategy, presented it to directors Dershowitz and Diamond (who approved it), and then CEO Hecht began implementing it in December 2022 (Dkt. 37 at ¶¶ 51, 56–59, 135). That was *nine months before* Zutler arrived in September 2023. (*Id*. ¶¶ 51, 137). The Trustee's conclusory assertion that Zutler "knowingly participated" in the breaches of fiduciary duty by "Abri, Diamond and Dershowitz" by "enforcing…instructions" from Frankl is completely eviscerated by his clear allegation that they were already obeying Frankl. (Dkt. 37 at ¶¶ 155, 157). Because the scheme had already been conceived and implemented without Zutler, the Trustee's *own* allegations affirmatively rebut any notion that conduct *of Zutler* caused the harm.

The Complaint further alleges that the HUD Concentration account was removed from the Abri banking platform in May 2023, *four months before* Zutler arrived. (Dkt. 37 at ¶¶ 132-133). There is no allegation that Zutler had any control over Debtors' accounts, or access to its accounting or banking platforms. Only Abri's comptroller, Michael Joseph, is alleged to have had "access to all of the Debtors' accounts" (*id*. ¶ 63) and only officers and directors of Abri (which Zutler was not) are alleged to have had the ability to request information about those accounts from Joseph (*Id*. at ¶ 64). Finally, the Trustee alleges that transfers totaling $1,751,070.82 were made from Debtors' accounts to Abri and its affiliates in January 2024. (*Id*. ¶ 79). Critically, the

2

Complaint attributes responsibility for those transfers solely to Abri, Frankl, Hecht, Diamond, Dershowitz, Joseph, and O'Halloran (*id*. ¶¶ 80–81)—*not* Zutler. And the Trustee's vague assertion that Zutler "enforce[ed]" Frankl's "instructions" regarding "uses of cash for non-Debtor purposes" (*id*. ¶ 155) falls far short of putting Zutler on sufficient notice of any specific transfer Zutler is alleged to have actually *caused*.

In his Response, the Trustee casts Zutler as "pivotal," but the Complaint never uses that term and its factual allegations do not support such a characterization. Zutler is not alleged to have made independent decisions, exercised independent discretion, held authority, or acted as a cause in fact of any specific misconduct. The Complaint describes him as relaying unspecified "instructions" from Frankl during a four-month time period (*id*. ¶ 155), but it does not specify what those instructions were, to whom they were relayed, or critically, whether they had any effect. The allegations make clear that Debtors' officers and directors needed no convincing from Zutler to obey Frankl; they were doing so before he even arrived. The Trustee's "instruction" and "enforcement" allegations are the equivalent of accusing someone of cajoling another to jump off a bridge when they were already mid-fall. This is fatal to the Trustee's claim.

The Complaint also fails to plead that Zutler's actions were a proximate cause of any harm. "A claim has facial plausibility" only "when the plaintiff pleads factual content." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There is no factual allegation in the Complaint that plausibly demonstrates that Zutler could reasonably have foreseen Debtors' bankruptcy as a result of *his* actions. The Trustee (without any explanation in the Complaint) asks this Court to assume that it was reasonably foreseeable that Zutler communicating Frankl's wishes to Debtors' fiduciaries (who allegedly already knew and agreed to those wishes) would cause them to take actions (which they were allegedly already taking), that those actions would cause the landlord to get a receiver

3

appointed (even though the alleged intent of the rent stoppage was instead to get the landlord to sell the property), that the receivership would necessitate a bankruptcy filing (even though the Trustee also alleges that Debtors had the cash to pay the rent at all times), and that such bankruptcy would then destroy all going concern value in Debtors (even though businesses often retain going concern value after bankruptcy filings and, also, even though the Trustee elsewhere alleges that Debtors were already insolvent or on the brink of insolvency before Zutler even arrived). The sheer number of necessary logical leaps (none of which are explained) demonstrate that the Complaint does not plausibly allege that *Zutler's* conduct was a proximate cause of the harm.

In his Response, the Trustee attempts to fill these gaps with unpled assertions (*e.g.*, that Zutler received "enterprise-wide reporting"), but simply cites back to the generalizations in the eleven paragraphs of the Complaint that mention Zutler. This is insufficient. On a motion to dismiss, courts consider only those *well*-pleaded *factual* allegations that state a claim plausible *on its face*. Conclusory assertions and post hoc embellishments in briefing cannot cure the Complaint's failure to allege facts that show Zutler's actions were the cause of any harm. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (a complaint is insufficient if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

## II.   Zutler Had No Duty to Debtors

The Complaint also fails to allege any *facts* showing that Zutler owed a duty to Debtors, without which the Trustee fails to state a claim under every theory alleged. The Trustee's assertion that Zutler "assumed" fiduciary duties to Debtors is unsupported by the factual allegations and legally untenable. The Complaint expressly alleges that Zutler was retained *by Frankl*—through non-Debtor Sutherland Care Solutions—as *Frankl's* agent to act on *Frankl's* behalf. (*Id.* ¶ 137). Zutler is described as Frankl's "man on the ground" and a mouthpiece for Frankl's "instructions."

4

(*Id*. ¶ 155). The Trustee repeats this assertion in his response to Frankl's motion to dismiss, arguing that his "allegations establish that Zutler was acting as Frankl's agent and at Frankl's direction." (Dkt. 51 at 14.) Thus, Zutler was an agent of <u>Frankl</u> and owed duties to <u>him</u>, not Debtors. That Zutler's work as Frankl's agent related <u>to</u> Debtors does not transform his role into one "for the <u>*benefit of*</u>" Debtors, and does it does not create fiduciary obligations to Debtors where none were accepted by Zutler. And, even if Frankl was a fiduciary to Debtors, being the agent of a fiduciary does not impute the principal's duties to an agent by osmosis.

Fiduciary duties arise from control, discretion, or a special relationship and the caselaw on which the Trustee relies is readily distinguishable. The defendant in *FNFS, Ltd. v. Harwood (In re Harwood)* was president of the general partner that, in turn, had "full, sole, exclusive, and complete discretion" over a limited partnership's affairs; thus, full control existed at both levels. 637 F.3d 615 (5th Cir. 2011). Similarly, in *Allen v. Devon Energy Holdings, L.L.C.*, the defendant was the member-manager of the LLC and had carte blanche authority, while the plaintiff was a passive investor, so the court found fiduciary duties based on defendant's exclusive control. 367 S.W.3d 355 (Tex. App.—Houton [1st Dist.] 2012). *In re P3 Health Grp. Holdings, LLC* involved a dispute over whether a person without a formal manager title could be deemed a manager for service of process purposes (not whether they had fiduciary duties) under Delaware law and the prior cases cited by the court therein involved individuals vested with "unfettered" authority or who were the sole manager of the entity. 285 A.3d 143 (Del. Ch. 2022).

In contrast, here, the Complaint alleges that Hecht served as CEO of Debtors until January 12, 2024 (¶ 51), and that Diamond and Dershowitz were directors throughout (¶ 50). These individuals held the formal authority and actively managed Debtors. Zutler is not alleged to have overridden their decisions, held any formal title or position, or exercised control over strategic

5

matters such as rent payments or intercompany transfers. Again, the Complaint repeatedly alleges that *Frankl* was the one who made the decisions and wielded the control, and that Debtors' actual directors and officers obeyed his wishes before Zutler even arrived.

The Trustee's reliance on *Siddiqui v. CAIR Action Network*, 479 F. Supp. 3d 89 (D.D.C. 2020), is equally unavailing. There, the court held that informal fiduciary duties do not arise in business transactions unless a special relationship of trust and confidence existed *prior* to the transaction at issue. But the Complaint never alleges that Zutler had a preexisting relationship with Debtors, much less a special relationship of trust and confidence which he later betrayed. From the outset, his relationship with Debtors was solely as *Frankl's* agent.

In contrast, the Trustee fails to distinguish *BioTE Medical, LLC v. Blewett*, No. 4:21-cv-01243, 2022 WL 2905218 (N.D. Tex. July 22, 2022), cited in the Motion. In *BioTE*, the court declined to impose fiduciary duties on an independent contractor whose contractual role did not include fiduciary obligations to the entity in question. That is *precisely* the situation here. Zutler was retained by Frankl through Sutherland Care Solutions, not by Debtors (or even Abri), and the Complaint does not allege that Zutler accepted or exercised any control or discretion over Debtors. Zutler's role was limited, subordinate, and entirely derivative of his relationship with Frankl. In short, the Trustee's theory that Zutler "assumed" fiduciary duties to Debtors is legally unsupported and factually contradicted by the Complaint.

The Trustee's claim for negligence or gross negligence fares no better. The Trustee cites *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex. 1991), for the proposition that "one who *voluntarily* undertakes an affirmative course of action *for the benefit of another* has a duty to exercise reasonable care." (Dkt. 59 at 12) (emphasis added.) But that principle does not apply here because the Complaint contains no allegation that Zutler voluntarily undertook any

6

action for the benefit *of Debtors*. It instead makes clear that Zutler worked exclusively as agent for *Frankl* and so any actions Zutler took were solely for Frankl's benefit.

### III. The Trustee's Attempt to Recast His Claims Against Zutler as 'Knowing Participation' in Alleged Misconduct by Other Defendants is Insufficient

For the first time in his Response, the Trustee claims that his singular count for Breach of Fiduciary duty by Zutler was also meant to plead a dual and alternative claim against Zutler for "knowing participation" in the fiduciary breaches of others. This improper conflation of separate legal theories under a single count did not give Zutler fair notice of the claims asserted against him and is insufficiently pled on this basis alone. Moreover, a knowing participation theory of liability against Zutler also fails because knowing participation demands active involvement in causing the ultimate fiduciary breach itself. As explained above, the Complaint fails to allege any affirmative action by Zutler that caused a breach by any actual fiduciary of Debtors.

To show sufficient participation in the breach of fiduciary duty of another, courts require plaintiff to plead sufficient facts to show that defendant's actions "contributed to, induced, or facilitated the other party's breach of fiduciary duty." *Centennial Bank v. Holmes,* 717 F. Supp. 3d 542, 573 (N.D. Tex. 2024); *7X Cattle Co. LLC v. Brandstadt,* No. 6:22-CV-396-JDK-KNM, 2025 U.S. Dist. LEXIS 50458, at *33 (E.D. Tex. Feb. 28, 2025); *Mesilla Office Sols., LLC v. HGS Healthcare, LLC*, No. 4:20-CV-386-SDJ, 2022 U.S. Dist. LEXIS 30267, at *10 (E.D. Tex. Feb. 21, 2022) (granting summary judgment due to lack of evidence that third party "was involved with or *had any control over* whether [fiduciary] entered into the [challenged transaction.]").

The cornerstone of a knowing participation claim is "specific action that aids in the breach itself." *Centennial Bank v. Holmes*, 717 F. Supp. 3d 542, 573 (N.D. Tex. 2024), distinguishing *Stress Eng'g Servs. Inc. v. Olson*, No. H-21-3210, 2022 U.S. Dist. LEXIS 161691, 2022 WL 4086574, at *8 (S.D. Tex. Aug. 4, 2022), *report and recommendation adopted by* 2022 U.S. Dist.

7

LEXIS 160426, 2022 WL 4084433 (Sept. 6, 2022) (defendant offered employment and encouraged fiduciary to divert plaintiff's customers to defendant); *Young Innovations, Inc. v. Dental Health Prods. Inc.*, No. 4:18-01726, 2019 U.S. Dist. LEXIS 244266, 2019 WL 13211665, at *6 (S.D. Tex. Aug. 8, 2019) (third party allegedly recruited fiduciary knowing it would violate his duty not to compete and encouraged him to transfer confidential information); *Duke Energy International, L.L.C. v. Napoli,* 748 F. Supp. 2d 656, 664, 672-73 (S.D. Tex. 2010) (defendants provided financing for fiduciaries' usurpation of corporate opportunity despite knowing they were insiders and were taking corporate opportunity from their employer).

In *Centennial Bank v. Holmes*, the Northern District of Texas distinguished between defendants who plausibly participated in fiduciary breaches and others who did not. 717 F. Supp. 3d 542, 573 (N.D. Tex. 2024). One group partnered together to solicit a customer and usurp a loan opportunity, providing each other with mutual assistance in breaching their fiduciary duties. A second group aided each other in providing benefits and concealing information to ensure a customer would follow them to a competing bank. Knowing participation claims against both of these defendant groups were sufficient to survive a motion to dismiss. *Id*. at 51. In contrast, the court found that a third group of defendants did *not* meet the threshold for knowing participation even though they were allegedly engaged in misconduct (*e.g.*, deleting data, soliciting customers), emphasizing that there were no factual allegations showing how these defendants' alleged conduct <u>actually facilitated</u> or <u>contributed</u> to the active breach of another fiduciary.

The Trustee pleads no facts to support such a claim against Zutler. The Complaint merely makes a conclusory assertion that "Zutler knowingly participated in the breaches of fiduciary duty of Abri, Diamond and Dershowitz, by instructing them or otherwise conspiring and jointly coordinating with them to cause the rents to be withheld and for the moneys to be improperly

8

redirected away from Debtors and their creditors." (*Id*. ¶ 157). But there is no *factual* allegation regarding *how* Zutler *facilitated* or *caused* them to breach their fiduciary duties when the alleged scheme began before Zutler was even retained by Frankl and those fiduciaries were willing parties to the scheme from the outset. Like the allegations against the dismissed defendants in *Centennial*, the Trustee's allegations against Zutler lack any causal link showing Zutler's actions were necessary to the breach of another, which is required to state a knowing participation claim.

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *accord, Moody v. Greer, Herz & Adams, LLP*, No. 01-21-00575-CV, 2023 Tex. App. LEXIS 2032, at *32-33 (Tex. App. Mar. 30, 2023) (dismissing claims that simply "recite the elements of" derivative theories of liability supported by conclusory statements); *Darnell v. Rogers*, 588 S.W.3d 295, 305 (Tex. App.—El Paso 2019, no pet.) (affirming dismissal of "claims for aiding and assisting, aiding and participating, acting in participation, and conspiracy" that recited elements in general terms).  That is all the Trustee has alleged here.

### IV. Incorporation By Reference Is Proper and Necessary

Even though he asserts derivative liability claims against Zutler, the Trustee argues that Zutler's incorporation by reference of any applicable arguments from Abri's and Frankl's motions to dismiss has left the Trustee "with no way of discerning which arguments may be applicable." (Dkt. 59 at 15.) But the Trustee's reframing of his claims against Zutler as knowing participation (after Zutler pointed out that Texas does not recognize aiding and abetting) asserts a theory under which Zutler's liability depends on establishing an underlying breach of fiduciary duty by another who is a fiduciary. *In re Est. of Poe*, 648 S.W.3d 277, 286 (Tex. 2022); *Straehla v. AL Glob. Servs., LLC,* 619 S.W.3d 795, 804 (Tex. App.—San Antonio 2020) ("knowing participation in breach of

9

fiduciary duty is a derivative claim"); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (Tex. 1942). For this reason, if the breach of fiduciary duty claims against other named defendants fail, so would any 'knowing participation' claim against Zutler.

Moreover, the Trustee also made incorporation by reference necessary through his *own* footnote in the Complaint that "[r]eferences to Abri in this factual background refer to Abri acting by and through its employees and officers, which would have initially included Hecht and Zutler." (Dkt. 37 at ¶ 50 n. 2). This makes it extremely unclear whether alleged actions of Abri are intended to implicate actions of Zutler, further necessitating Zutler's incorporation by reference of any applicable arguments by Abri.

## V.     The Trustee Should Not Be Granted Leave to Amend Again

As a last-ditch effort, the Trustee asks for leave to amend yet again "in the event the Court decides that he needs to add additional detail or factual averments to support one or more of his claims." But amendment would be futile because, as explained, additional allegations intended to show a duty by Zutler or causation from his actions would be contradicted by other previously pled and conceded allegations in the Complaint. As such, leave to further amend should be denied.

## VI.    Conclusion

In sum, the claims against Zutler should be dismissed without leave to amend because the Trustee's factual allegations are both insufficient and self-defeating on the issues of causation, the existence of a duty owed by Zutler, and sufficient participation by Zutler in breaches of duty by others.

Dated: October 10, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Adam L. Fletcher*
Adam L. Fletcher (Ohio Bar No. 0085201, *pro hac vice* admission pending)
127 Public Square #2000,
Cleveland, OH 44114
Telephone: 216.861.7517

Elizabeth A. Green (Florida Bar No. 600547)
200 South Orange Avenue
Suite 2300
Orlando, FL 32801
Telephone: 407.649.4036

Tamara Baggett (Texas Bar No. 24058573)
2850 N Harwood St Ste 1100
Dallas, TX 75201
Telephone: 214.210.1208

*Attorneys for Defendant Yehudah Aryeh Zutler*

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, a true and correct copy of the foregoing document was served on counsel for all parties in accordance with the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure by electronic means via the Court's CM/ECF system.

*/s/ Adam L. Fletcher*
Adam L. Fletcher