Jason M. Rudd, Tex. Bar No. 24028786
jason.rudd@wickphillips.com
Scott D. Lawrence, Tex. Bar No. 24087896
scott.lawrence@wickphillips.com
Catherine A. Curtis, Tex. Bar No. 24095708
catherine.curtis@wickphillips.com
Meghan D. Young, Tex. Bar No. 24138518
meghan.young@wickphillips.com
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Phone: (214) 692-6200
Fax: (214) 692-6255

COUNSEL FOR ABRI HEALTH SERVICES, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In RE: : | § | CHAPTER 11 (Subchapter V) |
| | § | |
| **PM Management-Killeen I NC LLC, et al.[1]** | § | **Case No. 24-30240-sgj** |
| | § | |
| Debtors. | § | **Jointly Administered** |
| | § | |
| **RUSSELL F. NELMS, the Liquidating Trustee of the PM Management Liquidation Trust,** | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adv. Proc. No. 25-03049-sgj** |
| | § | |
| **ABRI HEALTH SERVICES, LLC; PM MANAGEMENT – FREDERICKSBURG NC, LLC; SCC EDINBURG LLC; WINDCREST SCC LLC; SENIOR REHAB SOLUTIONS LLC; ABRAHAM FRANKEL; TINA HECHT; MICHAEL JOSEPH; JUDAH ZUTLER; EPHRAIM DIAMOND; and BARRY DERSHOWITZ,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ABRI HEALTH SERVICES, LLC'S ANSWER TO**
**TRUSTEE'S FIRST AMENDED ADVERSARY COMPLAINT**

---

[1] The Debtors in these subchapter V chapter 11 cases, along with the last four digits of each Debtor's EIN are: PM Management – Killeen I NC LLC (3105), PM Management – Killeen NC LLC (3179), PM Management – Killeen III NC LLC (3245), and PM Management – Portfolio VIII NC LLC (3048).

Defendant, Abri Health Services, LLC ("Defendant" or "Abri"), hereby answers the First Amended Adversary Complaint filed by Plaintiff Russell F. Nelms, the Liquidating Trustee of the PM Management Liquidation Trust ("Plaintiff" or "Trustee") established in the bankruptcy case for PM Management – Killeen I NC LLC, PM Management – Killeen II NC LLC, PM Management – Killeen III NC LLC, and PM Management – Portfolio VIII NC LLC (collectively, the "Debtors") as follows:

## PRELIMINARY STATEMENT

Abri respectfully reserves the right to amend, or to seek leave to amend, this filing pursuant to applicable Federal Rules of Civil Procedure ("FRCP") and Federal Rules of Bankruptcy Procedure ("FRBP").

## I.
## INTRODUCTION

The statements in the introductory paragraph before Paragraph 1 of the Trustee's First Amended Adversary Complaint (Adv. ECF No. 37, the "Complaint") do not require an admission or denial under FRCP 7008; FRCP 8(b)(1)(B).

1.      The allegations Paragraph 1 of the Complaint do not require an admission or denial under FRCP 7008; FRCP 8(b)(1)(B).

2.      The allegations in this paragraph do not require an answer.

3.      Defendant admits that Defendant owned the Debtors until confirmation of their bankruptcy plan. Defendant denies each and every remaining allegation in the first sentence of Paragraph 3. Defendant denies each and every allegation in the second sentence of Paragraph 3.

4.      Defendant denies each and every allegation in Paragraph 4.

5.      Defendant denies each and every allegation in Paragraph 5.

6.      Defendant denies each and every allegation in Paragraph 6.

7.      Defendant admits that the Landlord initiated a receivership and the Debtors commenced a bankruptcy. Defendant denies each and every remaining allegation in the first sentence of Paragraph 7 and all of the allegations in the second sentence of paragraph 7 does not require a response.

8.      Defendant denies each and every allegation in Paragraph 8.

9.      Defendant denies that it is an "individual defendant." Defendant otherwise denies each and every allegation in Paragraph 9.

10.     Defendant denies that it requested the authorization from the bankruptcy court. Defendant otherwise admits the allegations in Paragraph 10.

11.     Defendant denies each and every allegation in Paragraph 11.

12.     Defendant denies each and every allegation in Paragraph 12 with regard to Defendant's conduct or actions.

## II.
## PARTIES, JURISDICTION, AND VENUE

13.     The allegations in this paragraph do not require an answer.

14.     Defendant admits it is a limited liability company organized under the laws of the State of Delaware and that it has appeared in this bankruptcy case.

15.     The allegations in this paragraph do not require an answer.

16.     The allegations in this paragraph do not require an answer.

17.     The allegations in this paragraph do not require an answer.

18.     The allegations in this paragraph do not require an answer.

19.     The allegations in this paragraph do not require an answer.

20.     The allegations in this paragraph do not require an answer.

21.     The allegations in this paragraph do not require an answer.

22.     The allegations in this paragraph do not require an answer.

23.     The allegations in this paragraph do not require an answer.

24.     The allegations in this paragraph do not require an answer.

25.     Defendant admits that this Court has subject matter over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.  Defendant admits that this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). To the extent any aspects of this Complaint are non-core, the Defendant consents to the entry of findings of fact and final relief by this Court.

26.     Defendant admits that this Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. §§ 1334(b), 1409(a), and FRBP § 7004(f).

27.     Defendant admits that venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

## III.
## PROCEDURAL BACKGROUND

28.     The statements in this paragraph do not require an answer.

29.     The statements in this paragraph do not require an answer.

30.     The statements in this paragraph do not require an answer.

31.     The statements in this paragraph do not require an answer.

32.     Defendant denies that the confirmed plan vested the Trust with title to some or all of the causes of action asserted in the Complaint. Nevertheless, the statements in this paragraph do not require an answer.

33.     Defendant denies that the confirmed plan vested the Trust with title to some or all of the causes of action asserted in the Complaint. Nevertheless, the statements in this paragraph do not require an answer.

34.     Defendant denies that Trustee is entitled to the relief requested. Nevertheless, the statements in this paragraph do not require an answer.

35.     Defendant admits that the Trustee filed a turnover motion, which speaks for itself. Defendant otherwise denies each and every allegation in Paragraph 35 and further denies that the Trustee is entitled to the relief requested.

36.     The statements in this paragraph do not require an answer.

37.     The statements in this paragraph do not require an answer.

38.     The statements in this paragraph do not require an answer.

39.     Defendant denies each and every allegation in Paragraph 39. Defendant specifically denies any implication that the Trustee is entitled to the relief requested against Defendant or that the Complaint relates back to any earlier complaint.

## IV.
## FACTUAL BACKGROUND

40.     The statements in this paragraph do not require an answer.

41.     Defendant is without personal knowledge of every allegation in Paragraph 41 and so denies them.

42.     Defendant is without personal knowledge of every allegation in Paragraph 42 and so denies them.

43.     The statements in this paragraph do not require an answer.

44.     The statements in this paragraph do not require an answer.

45.     The statements in this paragraph do not require an answer.

46.     The statements in this paragraph do not require an answer.

47.     Defendant admits it provided services to the Edinburg facility. Defendant denies each and every other allegation in Paragraph 47.

48.     Defendant admits it provided services to the facilities. Defendant denies each and every other allegation in Paragraph 48.

49.     Defendant denies each and every allegation in Paragraph 49.

50.     Defendant denies each and every allegation in the first and third sentences of Paragraph 50. Defendant admits Diamond and Dershowitz were directors of Abri. Defendant denies the remaining allegations in Paragraph 50.

51.     Defendant admits that Tina Hecht was CEO of Abri beginning in March 2023 until January 2024. Defendant denies the remaining allegations in paragraph 51.

52.     Defendant denies each and every allegation in Paragraph 52.

53.     Defendant denies each and every allegation in Paragraph 53, including any allegation that Defendant or any of its employees or officers are fiduciaries to Debtors.

**A.      Defendant denies the allegations in Section A's heading**

54.     Defendant denies each and every allegation in Paragraph 54.

55.     Defendant denies each and every allegation in Paragraph 55.

56.     Defendant denies each and every allegation in Paragraph 56.

57.     Defendant denies each and every allegation in Paragraph 57.

58.     Defendant denies each and every allegation in Paragraph 58.

59.     Defendant denies each and every allegation in Paragraph 59.

60.     Defendant denies each and every allegation in Paragraph 60.

61.     Defendant denies each and every allegation in Paragraph 61.

62.     Defendant denies each and every allegation in Paragraph 62, and further denies that Debtors are entitled to any relief if Trustee cannot prove the damages alleged.

63.     Defendant admits that Kevin O'Halloran ("O'Halloran") was the Debtors' chief restructuring officer at the time he filed the referenced declaration. O'Halloran's declaration

speaks for itself. Defendant admits that it extensively supported and paid expenses on behalf of the Debtors prior to and aftern the commencement of the bankruptcy. Defendant admits that there were negotiations with the Debtors' landlord and an executed LOI prior to the bankruptcy cases. Defendant denies the remaining allegations in both Paragraphs 63.

64.     Defendant denies each and every allegation in Paragraph 64.

65.     Regarding Paragraph 65, Defendant made constant payments to fund Debtors' shortfalls. Defendant denies that the funds were used to fund shortfalls at Fredericksburg and/or Edinburg. Defendant denies that Defendant only had money it received from Debtors.

66.     Defendant denies each and every allegation in Paragraph 66.

67.     Defendant admits that Debtors agreed to make payments to Defendant for its services. Defendant denies each and every other allegation in Paragraph 67.

68.     Defendant denies each and every allegation in Paragraph 68. Regarding the second Paragraph 68, Defendant admits that cash accumulated in the concentration account and denies the remaining allegations and legal conclusions.

69.     The statements in this paragraph do not require an answer.

70.     The statements in this paragraph do not require an answer.

71.     Defendant admits the allegations in Paragraph 71.

72.     Defendant denies each and every allegation in Paragraph 72.

73.     Defendant denies each and every allegation in Paragraph 73.

74.     Defendant denies each and every allegation in Paragraph 74.

75.     The statements in the first two sentences of Paragraph 75 do not require an answer. Defendant denies each and every allegation in the third sentence of Paragraph 75.

76.     Defendant denies each and every allegation in Paragraph 76.

77.     Defendant denies each and every allegation in Paragraph 77.

78.     Defendant denies each and every allegation in Paragraph 78.

79.     Defendant denies each and every allegation in Paragraph 79.

80.     Defendant denies each and every allegation in Paragraph 80. Defendant also specifically denies allegations of knowledge or intent, or that any individual's knowledge or intentions could be imputed on Defendant.

81.     Defendant denies each and every allegation in Paragraph 81.

**B.     Defendant denies the allegations of this sentence heading in the Complaint.**

82.     The statements in this paragraph do not require an answer.

83.     The statements in the first two sentences of Paragraph 83 do not require an answer. Defendant denies the allegations in the third sentence of Paragraph 83.

84.     Defendant denies each and every allegation in Paragraph 84.

85.     Defendant denies each and every allegation in Paragraph 85.

86.     Defendant denies each and every allegation in Paragraph 86.

87.     Defendant denies each and every allegation in Paragraph 87.

88.     Defendant denies each and every allegation in Paragraph 88.

**C.     Defendant denies the allegations in this "C section" sentence heading of the Complaint.**

89.     Defendant admits the allegations in Paragraph 89.

90.     Defendant admits the cash collateral budgets authorized payments to DKB and payments to Abri. Defendant denies each and every remaining allegation in Paragraph 90.

91.     Defendant denies each and every allegation in Paragraph 91.

92.     Defendant admits it provided the Trustee DKB invoices in response to the motion for turnover; those documents speak for themselves. Defendant denies each and every other allegation in Paragraph 92.

93.     Defendant denies each and every allegation in Paragraph 93.

94.     Defendant denies each and every allegation in Paragraph 94.

95.     Defendant denies each and every allegation in Paragraph 95.

96.     Defendant denies each and every allegation in Paragraph 96.

**D.     Defendant denies the allegations in this "D section" sentence heading of the Complaint.**

97.     The statements in this paragraph do not require an answer.

98.     The statements in this paragraph do not require an answer.

99.     The statements in this paragraph do not require an answer.

100.    Defendants admit the statements in the first sentence of Paragraph 100. Defendant denies each and every allegation in the second sentence of Paragraph 100.

101.    Defendant denies each and every allegation in Paragraph 101.

102.    The statements in this paragraph do not require an answer.

103.    The statements in this paragraph do not require an answer.

104.    Defendant admits that $350,000 was for the Touchstone Indemnity, $150,000 for the Abri servicing for May 2024, and $138,006 for a total of $638,006. Defendant denies the remaining allegations in Paragraph 104.

105.    Defendant denies each and every allegation in Paragraph 105.

106.    Defendant denies each and every allegation in Paragraph 107.

107.    Defendant denies each and every allegation in Paragraph 108.

108.    Defendant denies each and every allegation in Paragraph 109.

109.    The statements in this paragraph do not require an answer, but to the extent they do, Defendant denies each and every allegation in Paragraph 110.

## V.
## CAUSES OF ACTION

### COUNT ONE: REQUEST FOR TURNOVER AND ACCOUNTING
**Against Abri, the Fredericksburg Facility, the Edinburg Facility, Senior Rehab, and Senior Care**

110.    The statements in this paragraph do not require an answer.

111.    Defendant denies each and every allegation in Paragraph 112 and further denies that Trustee is entitled to the relief requested.

112.    The statements in this paragraph do not require an answer.

113.    Defendant denies each and every allegation in Paragraph 114 and further denies that Trustee is entitled to the relief requested.

114.    Defendant denies each and every allegation in Paragraph 115 and further denies that Trustee is entitled to the relief requested.

### COUNT TWO: TORTIOUS INTERFERENCE
**Against Frankel, Diamond and Dershowitz**

115.    The statements in this paragraph do not require an answer.

116.    Defendant denies each and every allegation in Paragraph 117.

117.    Defendant denies each and every allegation in Paragraph 118.

118.    Defendant denies each and every allegation in Paragraph 119.

119.    Defendant denies each and every allegation in Paragraph 120.

120.    Defendant denies each and every allegation in Paragraph 121.

121.    Defendant denies each and every allegation in Paragraph 122.

122.    Defendant denies each and every allegation in Paragraph 123.

123.    Defendant denies each and every allegation in Paragraph 124.

124.    Defendant denies each and every allegation in Paragraph 125.

125.    Defendant denies each and every allegation in Paragraph 126.

126.    Defendant denies each and every allegation in Paragraph 127.

127.    Defendant denies each and every allegation in Paragraph 128.

## COUNT THREE: NEGLIGENCE AND GROSS NEGLIGENCE
**Against Abri, Frankel, Hecht, Joseph, Zutler, Diamond and Dershowitz**

128.    The statements in this paragraph do not require an answer.

129.    Defendant denies each and every allegation in Paragraph 130.

130.    Defendant denies each and every allegation in Paragraph 131.

131.    Defendant denies each and every allegation in Paragraph 132.

132.    Defendant denies each and every allegation in Paragraph 133.

133.    Defendant denies each and every allegation in Paragraph 134.

134.    Defendant denies each and every allegation in Paragraph 135.

135.    Defendant denies each and every allegation in Paragraph 136.

136.    Defendant denies each and every allegation in Paragraph 137.

137.    Defendant denies each and every allegation in Paragraph 138.

138.    Defendant denies each and every allegation in Paragraph 139 and further denies that Trustee is entitled to the relief requested.

139.    Defendant denies each and every allegation in Paragraph 140.

140.    Defendant denies each and every allegation in Paragraph 141 and further denies that Trustee is entitled to the relief requested.

## COUNT FOUR: BREACH OF FIDUCIARY DUTIES
**Against Abri, Hecht, Diamond and Dershowitz, Frankl, and Zutler**

141.    The statements in this paragraph do not require an answer.

142.     Defendant denies each and every allegation in Paragraph 143.

143.     Defendant denies each and every allegation in Paragraph 144.

144.     Defendant denies each and every allegation in Paragraph 145, specifically denying that Defendant owed duties of care and loyalty to the Debtors because the Debtors were allegedly in the zone of insolvency.

145.     Defendant denies each and every allegation in Paragraph 146, specifically denying that Defendant owes duties of care and loyalty to the Debtors.

146.     Defendant denies each and every allegation in Paragraph 147, specifically denying that Defendant owes duties of care and loyalty to the Debtors.

147.     Defendant denies each and every allegation in Paragraph 148, specifically denying that Defendant owes duties of care and loyalty to the Debtors.

148.     Defendant denies each and every allegation in Paragraph 149 including (a)-(k), specifically denying that Defendant owes duties of care and loyalty to the Debtors.

149.     Defendant denies each and every allegation in Paragraph 150.

150.     Defendant denies each and every allegation in Paragraph 151.

151.     Defendant denies each and every allegation in Paragraph 152.

152.     Defendant denies each and every allegation in Paragraph 153.

153.     Defendant denies each and every allegation in Paragraph 154.

154.     Defendant denies each and every allegation in Paragraph 155.

155.     Defendant denies each and every allegation in Paragraph 156.

156.     Defendant denies each and every allegation in Paragraph 157.

157.     Defendant denies each and every allegation in Paragraph 158 and further denies that Trustee is entitled to the relief requested.

**COUNT SIX: AVOIDANCE OF SECTIONS 544(B) AND 548 TRANSFERS AND, ALTERNATIVELY, 547 TRANSFERS**
**Against Abri, the Fredericksburg Facility, the Edinburg Facility, and Senior Rehab**

158.    The statements in this paragraph do not require an answer.

159.    The statements in this paragraph do not require an answer.

160.    Defendant denies each and every allegation in Paragraph 161.

161.    Defendant denies each and every allegation in Paragraph 162.

162.    Defendant denies each and every allegation in Paragraph 163.

163.    Defendant denies each and every allegation in Paragraph 164.

164.    Defendant denies each and every allegation in Paragraph 165 and further denies that Trustee is entitled to the relief requested.

165.    Defendant denies each and every allegation in Paragraph 166 and further denies that Trustee is entitled to the relief requested.

**COUNT SEVEN: RECOVERY OF AVOIDABLE POST-PETITION TRANSFERS UNDER SECTION 549**
**Against Abri, the Fredericksburg Facility, the Edinburg Facility, Senior Rehab, and Senior Care**

166.    The statements in this paragraph do not require an answer.

167.    Defendant denies each and every allegation in Paragraph 168 and (a)-(d) and further denies that Trustee is entitled to the relief requested.

**COUNT EIGHT: RECOVERY OF AVOIDED TRANSFERS UNDER SECTION 550**
**Against Abri, Senior Rehab, Fredericksburg, Edinburg, and Senior Care**

168.    The statements in this paragraph do not require an answer.

169.    Defendant denies each and every allegation in Paragraph 170 and further denies that Trustee is entitled to the relief requested.

170.    Defendant denies each and every allegation in Paragraph 171.

171.     Defendant denies each and every allegation in Paragraph 172 and further denies that Trustee is entitled to the relief requested.

## COUNT NINE: CONDITIONAL REQUEST FOR RELIEF FROM CASH COLLATERAL ORDER

172.     The statements in this paragraph do not require an answer.

173.     Defendant denies each and every allegation in Paragraph 174 and further denies that Trustee is entitled to the relief requested.

## VI.
## REQUESTED RELIEF

Plaintiff's requested relief does not contain any allegations. To the extent a response is required, Defendant specifically denies each and every paragraph in Plaintiff's requested relief and denies Plaintiff is entitled to any relief against Defendant.

## VII.
## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Defendant, without waiving or excusing the burden of proof on Plaintiff's causes of action, without admitting Defendant has any burden of proof, and without admitting Plaintiff suffered any loss, damage, or injury, Defendant hereby alleges the following affirmative defenses. By designating the following affirmative defenses, Defendant does not in any way waive or limit any defenses that are or may be raised by his denials, allegations, and averments contained herein. These defenses are pleaded in the alternative and are raised to preserve Defendant's rights to assert such defenses, and are raised without prejudice to his ability to raise other and further defenses.

1.     The Complaint and each of the purported causes of action asserted therein against Defendant fail to state facts sufficient to constitute a cause of action against Defendant under Rule 7001(1), 7008, and 7012 of the Federal Rules of Bankruptcy Procedure.

2.      The Trustee has failed to describe the allegedly knowing and intentional conduct described in the Complaint with the requisite particularity.

3.      Trustee's claims are barred by 11 U.S.C. § 548(c) of the Bankruptcy Code, because Defendant received any transfer for reasonably equivalent value and in good faith.

4.      Trustee's claims are barred by Chapter 24 of the Texas Business and Commerce Code, because Defendant received any transfer for reasonably equivalent value and in good faith.

5.      Trustee's claims are barred by 11 U.S.C. § 547(c) of the Bankruptcy Code, because Defendant received any transfer in the ordinary course of its business and provided subsequent new value.

6.      Upon information and belief, the alleged transfer(s), if any, to Defendant was/were not made at a time when Debtors were insolvent and did not cause Debtors to become insolvent.

7.      The Trustee's claims are extinguished or barred by applicable statutes of limitations.

8.      Trustee's claims have been released.

9.      Trustee's claims are barred, in whole or in part, because of offset. Defendant is entitled to recover an offset against the amounts being sought by the Trustee in this matter.

10.      Trustee's claims, damages, and/or requests for relief are barred, in whole or in part, due to the business judgment rule.

11.      Debtors have unclean hands or were *in pari delicto* with any wrongdoers due to their own wrongful conduct and material breaches of the agreements at issue, and therefore are not entitled to any equitable relief.

12.      Debtors are not entitled to enforce the agreements as a result of their own prior material breach.

13.     Any postpetition transfers from Debtors to Defendant were authorized by the Bankruptcy Court.

14.     No property in Defendant's possession is property of the Debtors' bankruptcy estates.

15.     The Trustee's conspiracy or knowing participation claims, if any, are barred, in whole or in part, due to a lack of an underlying tort.

16.     Trustee's claims are barred, in whole or in part, by the doctrine of ratification.

17.     Trustee's claims are barred, in whole or in part, by the economic loss rule.

18.     Trustee's claims are barred by waiver.

19.     Trustee's claims are barred by estoppel.

20.     Trustee's claims are barred by laches.

21.     Trustee's claims are barred by release.

22.     Trustee's damages and claims are the result of Debtors' own fault, acts, omissions, and conduct.

23.     Trustee's alleged injuries were caused by independent or intervening event, third-party, act, omission or cause for Defendant is not legally responsible.

24.     The Debtors failed to mitigate their damages.

25.     Trustee's claims are barred by applicable law.

26.     Defendant reserves the right to supplement and assert additional affirmative defenses as they may become known to Defendant in discovery or otherwise.

# VIII.
# COUNTERCLAIMS

Defendant files these Counterclaims against Russell F. Nelms, solely in his capacity as Liquidating Trustee of the PM Management Liquidation Trust and, in support thereof, respectfully states as follows:

### A.    Parties

1.    Russell F. Nelms, acting in his capacity as the Liquidating Trustee of the PM Management Liquidation Trust.

2.    Abri Health Services, LLC is a limited liability company organized under the laws of the State of Delaware.

3.    This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

4.    This Court has personal jurisdiction over each Party under 28 U.S.C. §§ 1334(b), 1409(a), and Fed. R. Bankr. P. § 7004(f).

5.    Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

### B.    Relevant Factual Background

6.    Defendant is a creditor of Debtors. Defendant and others on its behalf provided millions of dollars of support to the Debtors, pre- and post-petition, in the form of payment of expenses and costs for the Debtors' benefit. No one seriously disputes this.

7.    The Trustee's own Complaint and the Debtors' own filings in the bankruptcy case support these claims.

8.    Pursuant to Defendant's agreements with the Debtors (the "Management Agreements"), Debtors owed Defendant a 5% management fee (the "Management Fee") in

exchange for the services Defendant provided to the Debtors. According to the Debtors' income statement, the quarterly Management Fee ranged between $320,000 and $350,000, due and payable to Defendant. *See* Bankr. ECF No. 84, p. 6 (the "<u>Income Statement</u>").

9.      Under the Management Agreements, Debtors were also responsible for reimbursing Defendant for expenses it paid on their behalf. For example, on February 13, 2024, the Debtors filed their "Consolidated Balance Sheet for Killeen Locations." *See* Bankr. ECF No. 84, p. 4 (the "<u>Balance Sheet</u>"). The Balance Sheet states as an "Asset" a negative amount of $4.453 million "Due From Facilities" (the "<u>Abri Claim</u>") as of December 31, 2023. This number, in actuality, *understates* the amount due from the facilities to Defendant considerably, as the true amount exceeded $7 million. Defendant and others on its behalf paid these amounts for the Debtors's benefit using cash on hand and other valuable assets, for which Debtors did not reimburse Defendant.

10.      The Balance Sheet was produced using the Debtors' books and records and reflects their accounting of Defendant's claims against the Debtors as of the dates stated.

11.      The Complaint alleges in paragraph 86 that "non-debtor affiliates Senior Rehab and Senior Care (via, respectively, CIBC accounts *2043 and *2051) deposited $739,596.97 into Account 6531."

12.      The Complaint further alleges in paragraph 86 that "After the Debtors filed for bankruptcy, other Abri affiliates poured more than $3.3 million into Account 6531."

13.      Upon information and belief, Defendant and affiliates of the Debtors, before and after the bankruptcy petition date, provided not only the funds described in the Complaint but other funds, which constitute prepetition value provided to the Debtors, postpetition value provided to

the Debtors, and reasonably equivalent value provided to the Debtors, for which the Debtors did not or did not fully reimburse or compensate Defendant.

14.     The value Defendant provided to the Debtors paid for actual, necessary costs and expenses of operating the Debtors and preserving their bankruptcy estates, including: payment of wages for Debtors' employees and Defendant's employees that worked for the Debtors' benefit; the Debtors' rent; food, medication, medical supplies, and other goods and services for the benefit of the Debtors' patients; and other actual and necessary costs and expenses.

15.     Defendant and others on its behalf had to make burdensome cash infusions to the Debtors for many reasons. For example, the institution of the Slate Receivership referenced in the Complaint led to CIBC's banking error that disrupted Defendant's and the Debtors' cash management systems. This banking error restricted Defendant's and Debtors' access to cash. Defendant and others on its behalf were forced to use their own cash to pay bills and expenses for the Debtors, for which Defendant was never or incompletely reimbursed.

16.     As another example, the Landlords' proof of claim at 5-2 filed in the main bankruptcy case asserts that the landlords received $927,472.08 of rent in October, November, and December of 2023, during the CIBC cash freeze. These payments, indeed, the majority of the Debtors' operating disbursements made on the Debtors' behalf, were made by Defendant or on its behalf.

17.     Regardless of the causes of the Debtors' cash shortage in late 2023 and January 2024, the only reason the Debtors were able to operate through seven months of restricted collections during this period is because of cash infusions and support from Defendant.

18.     Postpetition, Defendant or Debtors paid for Debtors' actual and necessary costs of IT services, medical supplies, payroll and benefits providers, food suppliers, all as more fully

discussed in *Abri's Response to Liquidating Trustee's Motion for Turnover and Accounting* (Bankr. ECF No. 307). These expenses were fully disclosed and approved pursuant to this Court's cash collateral orders and budgets submitted in connection therewith. Defendant concedes that additional funds from the Debtors flowed to non-Debtor accounts during the Debtors' bankruptcy cases, but Defendant repaid those amounts.

### C.    Causes of Action

### 1.    Setoff

19.    The foregoing allegations are incorporated herein by reference.

20.    Defendant, as a creditor of Debtors, asserts a defensive claim for setoff.

21.    Defendant made multiple payments to Debtors. Defendant made multiple payments on behalf of Debtors. Defendant made multiple payments for the sole benefit of Debtors. Defendant made overpayments to Debtors.

22.    Defendant is entitled to a setoff or recoupment to satisfy the debt owed to it by Debtors as a result of Defendant's unreimbursed payments and overpayments to Debtors and on their behalf.

23.    Defendant expressly does not request distribution from the bankruptcy estate, only to assert its setoff claim defensively.

### 2.    Breach of Contract

24.    The foregoing allegations are incorporated herein by reference.

25.    The agreements between Debtors and Defendant under which Defendant provided services to the Debtors are legally binding and enforceable contracts. At all times, Defendant performed its obligations and met all conditions precedent under the terms of such contracts.

26.     Debtors breached the agreements by failing to perform their obligations under the agreement, including failure to reimburse Defendant for costs incurred and paid on the Debtors' behalf, and failure to pay management fees due.

27.     As a direct and proximate result of Debtors' breaches, Defendant suffered damages in an amount to be determined at trial, plus any additional interest, costs, and attorneys' fees.

**3.      Money had and Received**

28.     The foregoing allegations are incorporated herein by reference.

29.     Debtors hold money that rightfully belongs to Defendant. Such monies include payments by Defendant for services provided to Debtor. Defendant was entitled to receive payment for its services to Debtor. Defendant was never compensated for these services.

30.     The money wrongly taken belongs to Defendant in equity and good conscience.

31.     As a direct and proximate result of Debtors taking certain money that belonged to Defendant, Defendant has suffered damages for which Debtors are liable.

32.     Defendant expressly does not request distribution from the bankruptcy estate, only to reduce any damages defensively.

**4.      Attorneys' Fees and Costs**

33.     Defendant is entitled to its reasonable attorneys' fees and costs against Debtor.

**5.      Conditions Precedent**

34.     All conditions precedent to Defendant's right to recovery have been performed or have occurred.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Defendant prays for judgment as follows:

1.      That all relief requested in the Complaint be denied;

2.      That Debtors take nothing by this action;

3.      That the Complaint be dismissed, with prejudice;

4.      That judgment be entered against Debtors in favor of Defendant;

5.      That Defendant be awarded its costs of suit, including, without limitation, reasonable attorneys' fees and expert witness fees; and

6.      For such other and further relief as the Court may deem just and proper.

Dated: October 30, 2025                    Respectfully submitted,

/s/ Scott D. Lawrence
Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Catherine A. Curtis, Tex. Bar No. 24095708
Meghan D. Young, Tex. Bar No. 24138518
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Phone: 214.692.6200
Fax: 214.692.6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
catherine.curtis@wickphillips.com
meghan.young@wickphillips.com

**COUNSEL FOR ABRI HEALTH SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I electronically filed the foregoing with the clerk of the court using the CM/ECF system and have served a copy of the same to the following parties or their counsel via the method(s) indicated below:

| | | |
|---|---|---|
| Mazin A. Sbaiti, mas@sbaitilaw.com | _____ | Hand Delivery |
| Kevin N. Colquitt, knc@sbaitilaw.com | _____ | Regular Mail |
| **SBAITI & COMPANY PLLC** | _____ | Facsimile |
| 2200 Ross Avenue, Suite 4900W | _____ | E-mail |
| Dallas, Texas 75201 | ___X___ | CM/ECF |

**Counsel for Russell Nelms, Liquidating Trustee**

/s/ Scott D. Lawrence
Scott D. Lawrence